UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                                            Case No. 6:17-cv-549-Orl-37DCI

PULEIO ENTERPRISES, LLC; and
MELO'S ITALIAN RESTAURANT,

    Defendants.

## ORDER

In the instant action, Defendants move to dismiss a discrete allegation of Plaintiff's Complaint (Doc. 1) under Federal Rule of Civil Procedure 12(b)(6). (Doc. 19 ("**MTD**").) Plaintiff responded on May 24, 2017.[1] (Doc. 22.) For the reasons set forth below, the MTD is due to be granted.

### I.    PROCEDURAL HISTORY

Plaintiff brings this lawsuit for violations of the Americans with Disabilities Act ("**ADA**") and the Florida Accessibility Code ("**FAC**"). (Doc. 1 ("**Complaint**").) Plaintiff seeks injunctive relief for architectural barriers that she encountered at Defendants'

---

[1] As an initial matter, Plaintiff's response was untimely. Defendants filed the MTD on CM/ECF on **May 9, 2017**, at which time it was electronically served on Plaintiff. Under Local Rule 3.01(b), a party opposing a motion must file a response within fourteen days after the service of the motion; thus, Plaintiff's response to the MTD was due on or before **May 23, 2017**. Going forward, counsel is warned that failure to abide by the deadlines set forth in the Local Rules may result in the striking of late filings or the consideration of motions with late responses as unopposed.

-1-

property ("**Property**") during a visit in 2016. (*Id.* ¶¶ 16, 38, 45). Specifically, Plaintiff—who uses a wheelchair to ambulate—claims that she was unable to access the parking lot, the path of travel from the parking lot to the main entrance, and the bathroom at the Property ("**Barriers**"). Because the Property is a place of public accommodation, Plaintiff contends Defendants are required to remove architectural barriers to the extent removal is readily achievable. (*Id.* ¶ 12).

The Complaint also alleges that the listed Barriers "may not be an exclusive list of Defendants' ADA and FAC violations because Plaintiff was unable to access and assess all areas of the [Property] due to the architectural barriers encountered." (*Id.* ¶ 27). So, Plaintiff explains that her representatives will need to conduct an on-site inspection to compile a complete list of the ADA and FAC violations (*id.*)—leaving open the possibility that her claims may include additional barriers not yet known ("**Unknown Barriers**").

In its MTD, Defendants argue that, to the extent Plaintiff attempts to reserve the right to assert new violations based on a forthcoming inspection, the portion of her Complaint based on Unknown Barriers is due to be dismissed. (Doc. 19, p. 3.) The MTD has been fully briefed (*See* Doc. 22) and is now ripe for the Court's adjudication.

II.  ANALYSIS

Presented as a MTD for failure to state a claim, Defendants' argument actually attacks Plaintiff's standing and, thus, the Court's subject matter jurisdiction. True enough, many courts have construed attacks on ADA claims that allege unknown or unencountered violations as attacks on the plaintiff's standing. This construction is premised on the rationale that "[w]ithout actual knowledge of barriers, [a] [p]laintiff has

not suffered an 'injury in fact' which establishes standing at the time of filing the complaint."[2] *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010), *aff'd*, 444 F. App'x 412, 419 (11th Cir. 2011) (holding that barriers within an accessible motel room did not constitute discrimination against the plaintiff because he did not encounter them).[3] Other courts in this Circuit have similarly found that architectural barriers alleged in an ADA complaint must be "limited to those barriers that [plaintiff] experienced or was aware of at the time of the filing of the complaint." *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-cv-2342-T-30EAJ, 2012 WL 2917915, at *5 (M.D. Fla. July 17, 2012).[4] This Court agrees.

Plaintiff's speculation about violations she might encounter upon further assessment does not establish standing to challenge Unknown Barriers. Defendants' MTD is due to be granted.

---

[2] In addition to an injury in fact, to satisfy the requirements of standing, a plaintiff must also demonstrate: "a causal connection between the injury and conduct complained of" and "that a favorable court ruling could redress the injury." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 415 (11th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[3] Unpublished opinions are not binding precedent but may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

[4] *See also Kennedy v. Gulf Gate Plaza, LLC*, No. 2:16-cv-806-FtM-29CM, 2017 WL 2362528, at *4 (M.D. Fla. May 31, 2017) (finding, in a similar suit brought by the same Plaintiff, that she could not base her ADA claim on barriers that she did not encounter); *Duldulao v. Target Corp.*, No. 8:11-cv-02446-VMC-AEP, 2012 WL 6008484, at *3 (M.D. Fla. Dec. 3, 2012) (stating the court's agreement with "the well-reasoned and oft-applied rule in the Middle District which requires a showing of actual knowledge of particular barriers in order to have standing to challenge those barriers"); *Macort v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377, 379 (M.D. Fla. 2003) (holding that inspection of barriers to access "shall be limited to the specific barriers to access [p]laintiffs alleged in their complaint").

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. 19) is **GRANTED**.

2. The portion of the Complaint that asserts ADA violations based on unidentified barriers at the Property (Doc. 1, ¶ 27) is **DISMISSED**.

3. On or before June 29, 2017, Plaintiff may file an amended complaint consistent with this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 15, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record